UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIMPSON & BROWN INC. AND SAYREVILLE SEAPORT ASSOCIATES URBAN RENEWAL L.P.,<br><br>*Plaintiffs,*<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL No. 469,<br><br>*Defendants.* | Civil Action No. 3:22-cv-879<br><br>**MEMORANDUM AND ORDER GRANTING A MOTION TO MODIFY AN AWARD (ECF NO. 9) AND DENYING MOTION TO CONFIRM AN AWARD (ECF NO. 4)** |

This case is before the Court on Defendant International Brotherhood of Teamsters, Local No. 469 ("Local 469") Motion to Confirm Arbitration Award (ECF No. 4), and Plaintiffs' Simpson & Brown, Inc. ("S&B") and Sayreville Seaport Associates Urban Renewal, L.P.'s ("SSA")(collectively "Plaintiffs") Cross Motion to Vacate or Modify Arbitration Award. (ECF No. 9). The Court has federal question jurisdiction under 28 U.S.C. §1331 because the matter is a suit against a labor organization maintaining a principal place of business in the District of New Jersey pursuant to the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(c).

1

Local 469 instituted a grievance requiring S&B to conform with the terms of the Project Labor Agreement (PLA). The PLA requires S&B to agree to and sign the Local 469 Collective Bargaining Agreement (Local 469 CBA). S&B had not signed the Local 469 CBA because the Local 469 CBA has statewide jurisdiction, and S&B is fearful that it would be applied to all of its work within New Jersey rather than limited to work on the project in Sayreville, New Jersey. The Arbitrator in his Opinion and Award required S&B to sign the Local 469 CBA pursuant to the PLA because it only applies to "construction work on the project site." However, in the Award, the Arbitrator concluded "as a remedy S&B shall immediately become a signatory to Local 469 CBA." S&B asserts that the language of the Award leaves open the issue of whether Local 469 CBA is limited to S&B's work on this project, or whether it may be applied on a statewide basis. Although the Arbitrator's opinion is clear and applies only to the construction work on the project, it is most prudent to add limiting language to the Award so that the parties may continue work without this minor headache looming over them.

The Supreme Court confirmed in *Hall Street* that the Federal Arbitration Act (FAA), 9 U.S.C.A. § 11 provides the exclusive grounds for modifying an arbitration award. *Hall St. Assoc., L.L.C. v. Mattel, Inc.*, 128 S. Ct. 1396, 1403 (2008). "[A] district court must first conclude that at least one of the grounds for

2

modification exists and, if so, then the court may modify the award 'to effect the intent thereof and promote justice between the parties.'" *CPR Mgmt., S.A. v. Devon Park Bioventures, L.P.*, 19 F.4th 236, 246 (3d Cir. 2021) (quoting 9 U.S.C. § 11). The FAA permits modification "where the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C.A. § 11(c). Thus, an award is modifiable under 9 U.S.C.A. § 11(c) when it "suffers from a scrivener's error or that otherwise does not deliver on the arbitrator's stated purpose in granting relief." *Grain v. Trinity Health, Mercy Health Servs. Inc.*, 551 F.3d 374, 378 (6th Cir. 2008) (internal citations omitted).

Here, the Arbitrator's Award is reached based on a finding that the PLA limits the scope of the CBA to the construction project, yet the Award does not include language limiting its scope to construction project. Therefore, modification is appropriate on the basis that the Award is imperfect in form and the clarification is consistent with the Arbitrator's findings and reasoning. 9 U.S.C.A. §11(c); *see Stonebridge Equity v. China Automotive Systems, Inc.*, 520 Fed. Appx. 331, 338 (6th Cir. 2013).

For the foregoing reasons, the Local 469's Motion to Confirm Arbitration Award is denied and Plaintiffs' Motion to Modify the Arbitration Award is granted. As such, the Award is modified as set forth below.

## ORDER

For the reasons stated above, and for good cause having been shown;

IT IS on this 14th day of February, 2023;

ORDERED that the Motion to Modify the Award (ECF No. 9) is granted as follows:

> S&B shall within five business days become a signatory to Local 469 CBA, Exhibit A, to the extent that it only applies to the construction work on this Construction Project in Sayreville, New Jersey.

IT IS FURTHER ORDERED that the Motion to Confirm the Award (ECF No. 4) is denied.

The Clerk is directed to close the file.

                                                                                   _____
                                                                                   PETER G. SHERIDAN, U.S.D.J.